In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00366-CR


____________________



RENALDO LUIS RICHARD, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 97644






 MEMORANDUM OPINION


 Pursuant to a plea bargain, Renaldo Luis Richard, Jr. pled guilty to unauthorized use
of a vehicle. See Tex. Pen. Code Ann. § 31.07 (Vernon 2003). The trial court deferred
adjudication of guilt, placed Richard on community supervision for four years, and assessed
a $750.00 fine. The State subsequently filed a motion to revoke Richard's community
supervision. The motion alleged that Richard committed six violations of the terms
established for his community supervision. Richard pled true to three of the violations. The
trial court accepted Richard's pleas, revoked Richard's community supervision, adjudicated
him guilty, and then sentenced him to two years of confinement in the state jail. Richard
appealed.

 Richard's appellate counsel filed an Anders brief. See Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief meets the Anders requirements
by presenting a professional evaluation of the record that demonstrates why there are no
arguable grounds to be advanced. See High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
1978). Counsel provided Richard with a copy of the brief.

 Richard then filed a pro se brief. In two appellate issues, he raises federal and state
constitutional challenges in which he contends the trial court abused its discretion by
revoking his community supervision on the basis of allegations that were not included in the
State's motion to revoke.

 In addressing an Anders brief and pro se response, a court of appeals may only
determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has
reviewed the record and finds no reversible error, or (2) that arguable grounds for appeal
exist and remand the cause to the trial court so that new counsel may be appointed to brief
the issues. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 Having reviewed the clerk's record, the reporter's record, counsel's brief, and
appellant's pro se brief, we agree that the appeal is frivolous. See id. Therefore, we find it
unnecessary to order appointment of new counsel to re-brief the appeal. See id.; cf. Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment. (1)

 AFFIRMED.




 _____________________________

 HOLLIS HORTON

 Justice 



Submitted on June 16, 2009

Opinion Delivered June 24, 2009

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. Richard may challenge our decision in this case by filing a petition for discretionary
review. Tex. R. App. P. 68.